**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

Case No.: 8:14-bk-13452-KRM
Chapter 7

THOMAS SALVADOR MARTINO,

Debtor.
_______________________________/

SAVANNAH CAPITAL, LLC,

Plaintiff,

v.

Adv. Pro. No.: 8:15-ap-00418-KRM

THOMAS SALVADOR MARTINO,

Defendant.
_______________________________/

**SAVANNAH CAPITAL, LLC'S VERIFIED**
**RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE**

Plaintiff, Savannah Capital, LLC (the "Plaintiff"), by and through its undersigned counsel, hereby responds to the "Order to Show Cause" [AP Doc. 40] entered on January 29, 2016, in the above-captioned adversary proceeding (this "Adversary Proceeding") on motion of Thomas Salvador Martino (the "Defendant") [AP Doc. 38], filed on January 27, 2016, directing the Plaintiff to show cause as to why this Adversary Proceeding should not be dismissed, with the Plaintiff and Defendant (together, the "Parties") to appear before the Court on February 9, 2016, at 10:45 a.m. based upon non-attendance at a hearing set to occur on January 26, 2016 (the "Missed Hearing"), and the failure to set a mediation as ordered by this Court (the "Deferred Mediation"):

**A. Background Allegations**

1. This Adversary Proceeding involves a business controversy between the Plaintiff and the Defendant that also involves complications arising from family ties that appear to have been strained in connection with multiple issues.

2. The Plaintiff has been represented by its counsel of record herein since during or about January 28, 2015, with Allison C. Doucette, Esquire, as the originating attorney for this representation. Ms. Doucette is in her sixth (6th) year in the private practice of law, and is encouraged to maintain her own clients in connection with her practice.

3. The principal of the Plaintiff is one Robinson Callen ("Robinson"), who is the stepfather of the Defendant's spouse, Pamela Martino, as well as Andre Callen ("Andre"), who is a stepbrother of Mrs. Martino. During the pendency of this Adversary Proceeding, and in connection with the pendency of the above-captioned bankruptcy case of the Defendant (the "Liquidation") and certain underlying state court litigation, Robinson and other family members have conducted active business and settlement communications both among themselves and with the involvement of counsel for the Defendant herein, D. Lee Pitisci, Esquire. At no point in time has the Plaintiff's counsel of record herein been permitted to participate in this manner, but Robinson and other representatives of the Plaintiff have waived any applicable rights under Rule 4.4-2 of The Rules Regulating the Florida Bar.

4. On or about December 16, 2015, the Plaintiff directed the undersigned to refrain from taking any further action in connection with this matter pending follow up from Mr. Pitisci on behalf of the Defendant. A proposed form of e-mail is attached hereto as Exhibit "A," it being noted that the e-mail required authorization from the Plaintiff that was not forthcoming because Robinson was in communications with Mr. Pitisci.

5. The last record activity in this Adversary Proceeding occurred in connection with the case management hearing conducted on October 20, 2015, attended by Ms. Doucette. A copy of the docket entry for this event and a related pro memo are attached hereto as Composite Exhibit "B," it being noted that a continued hearing (i.e. the Missed Hearing) was announced in open court and an order was due by Ms. Doucette. During this time period, Mr. Pitisci was in regular communication with Robinson, with whom the undersigned has not communicated directly for some time.

6. For reasons not fully known or understood to the undersigned, no order was submitted as required based upon the hearing that occurred on October 20, 2015. At this point in time, Ms. Doucette was seven (7) months pregnant, with a due date of January 12, 2016.

7. On January 1, 2016, Ms. Doucette gave birth to a healthy child, thus beginning a three (3) month maternity leave currently scheduled to expire on March 31, 2016. Because of the early arrival, her exit memorandum in connection with a planned maternity leave contained no reference to the order that was due, the hearing that was set in open court, or the mediation deadline that has been discussed both at the lawyer and the client level with Mr. Pitisci.

8. During maternity leave, Ms. Doucette has had regular access to e-mails, and has received no e-mails or other follow up from the Defendant or Mr. Pitisci. Similarly, although Stephenie B. Anthony, Esquire, has attended two (2) hearings on behalf of the Plaintiff, and John A. Anthony, Esquire, has attended one (1), no other initiative regarding scheduling the Deferred Mediation has occurred on the part of the Defendant. If this had occurred, mediation could have been scheduled promptly, assuming that Mr. Pitisci's negotiations with the Plaintiff were not successful. It is separately noted that both Robinson and Andre had separately been handling other family matters involving Mrs. Martino during this time period.

9. Counsel for the Plaintiff has procedural safeguards established to prevent situations in which attorneys miss deadlines, hearings, or other professional engagements, as follows:

a. As a threshold, the undersigned conduct monthly meetings to address legal assistant due diligence, with at least one (1) such meeting annually dealing with calendar scheduling procedures. However, Ms. Doucette's assistant was unaware of the Missed Hearing because of the manner in which it was announced and because no order was entered scheduling a hearing.

b. On a daily basis, an assigned and experienced paralegal who has been employed at the Firm for approximately four (4) years reviews the calendar

for the following day, transmits by e-mail a schedule for the following day to the entire firm confirming all engagements, and obtains confirmation of coverage with respect to any questions outstanding. However, the Missed Hearing never appeared on the schedule, so this individual did not arrange attendance.

c. Also, on a daily basis, an assigned staff member is required to personally review the dockets of approximately sixteen (16) tribunals before which its lawyers regularly appear, to identify any events that appear to involve existing clients of the firm. This precaution should have produced identification of the Missed Hearing with an opportunity to have an appropriate attorney cover the same following consultation with Ms. Doucette. A diligent investigation reveals human error in connection with this intended safeguard that has been in place for approximately six (6) years.

10. The failure of counsel for the Plaintiff stems from unintentional error. However, the following events and circumstance justify a determination by this Court that good cause exists to permit this Adversary Proceeding to proceed to a just adjudication:

a. The initial failure to submit an order relating to the Missed Hearing would have not led to the Plaintiff's absence but for the maternity status of the originating attorney.

b. The early arrival of Ms. Doucette's child precluded a better opportunity for her to outline the status of the representation and reallocate with the appropriate background as to the Missed Hearing and Deferred Mediation.

c. Despite the firm's best efforts managerially in terms of appropriate safeguards, a responsible staff member committed an error in not spotting the event on the calendar as per paragraph 9.c. above.

d. The fact that the Plaintiff had directed its counsel to stand down while Robinson and Mr. Pitisci have been communicating caused Ms. Doucette and more senior lawyers not to pursue a further investigation of this matter, as discussions and logistics were being handled elsewhere.

e. The lack of any follow up communication from Mr. Pitisci deprived everyone an opportunity to schedule a mediation if in fact Robinson, Mr. Pitisci, and the Defendant wanted to conduct one.

11. On the date of the Missed Hearing, a receptionist who has been with the firm for approximately four (4) years received a call from chambers and was advised that the Plaintiff was not represented and that the case had been called. At this time, out of a firm of ten (10) lawyers, every lawyer admitted to practice before this Court was either out at an unrelated hearing or other formal event, or on maternity leave. The receptionist was extremely stressed in attempting to locate any form of coverage under the circumstances, but was finally told that the hearing had concluded by the time a transactional attorney was identified who could have attended the hearing without knowledge of the proceedings or the representation.

12. The Plaintiff concedes error with respect to the subject matter of the Show Cause Order, and as indicated above has carefully investigated the reasons leading to this unfortunate event. This resulted in the loss of time to the Court that could have been spent on more appropriate endeavors.

13. Having conceded error in candor, counsel must also point out not only that there is a clear excusable explanation for this accidental and frustrating event. Moreover, opposing counsel, Mr. Pitisci, is and has at all times been very much aware of the status of the Plaintiff's dealings and the ex parte communications, while clearly authorized and permitted by the Plaintiff, causing all of the confusion in this representation that one might expect in the context of reviewing the policies

underlying Rule 4.4-2 of The Rules Regulating the Florida Bar. No surprise or prejudice has been experienced by Mr. Pitisci or the Defendant from the Missed Hearing.

14. The undersigned is prepared to attend the hearing scheduled to consider the Show Cause Order, recognizing that while she has covered two (2) significant hearings in this Adversary Proceeding she had no knowledge or role in connection with the events described above. This pleading has been verified by Ms. Doucette, who is prepared to appear by telephone if required by the Court, the Plaintiff, her firm, or requested by Mr. Pitisci; however, by verifying this pleading, it is hoped that personal attendance of Ms. Doucette and her child might be obviated at this time.

WHEREFORE, the Plaintiff requests that the Show Cause Order be discharged, and that all other appropriate relief be afforded in favor of the Parties.

/s/ Stephenie Biernacki Anthony

**JOHN A. ANTHONY, ESQ.**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**STEPHENIE BIERNACKI ANTHONY, ESQ.**
Florida Bar Number: 0127299
santhony@anthonyandpartners.com
**ALLISON C. DOUCETTE, ESQUIRE**
Florida Bar Number: 0085577
adoucette@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
201 North Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: (813) 273-5616
Telecopier: (813) 221-4113
Attorneys for Savannah Capital, LLC

**VERIFICATION**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

I, Allison C. Doucette, as counsel of record for Savannah Capital, LLC, hereby declare under penalty of perjury under the laws of the United States that the information contained in the foregoing motion is true and correct.

**Allison C. Doucette**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me, this 2nd day of February, 2016, by Allison C. Doucette, in her capacity as counsel of record for Savannah Capital, LLC. She is personally known to me.

Notary Public
My Commission Expires:



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic means on this 2nd day of February, 2016, to the following:

D. Lee Pitisci, Esquire
Pitisci, Dowell & Markowitz
101 S. Moody Avenue
Tampa, Florida 33609
lpitisci@pdmmlaw.com

/s/ Stephenie Biernacki Anthony
**ATTORNEY**